**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| MELISSA MOON, | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:18-CV-41-MSH |
| | : Social Security Appeal |
| COMMISSIONER OF | : |
| SOCIAL SECURITY, | : |
| Defendant. | : |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's ("ALJ's") determination, denied Plaintiff's applications for disability insurance benefits and supplemental security income, finding that she is not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A plaintiff seeking Social

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the plaintiff is working. *Id.* If not, the Commissioner determines whether the plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ADMINISTRATIVE PROCEEDINGS

Plaintiff Melissa Leigh Moon applied for disability insurance benefits under Title II and supplemental security income under Title XVI, on June 13, 2011, alleging she became disabled to work on February 18, 2008. Her claims were denied initially on September 12, 2011, and after reconsideration on December 28, 2011. In writing, she requested an evidentiary hearing before an ALJ on February 2, 2012, and a hearing was held on December 18, 2012. On May 1, 2013, the ALJ issued a partially favorable decision finding Plaintiff disabled to work as of August 1, 2012. Tr. 220-41. Despite being awarded disability insurance benefits as of August 1, 2012, Plaintiff appealed the partially favorable decision to the Appeals Council seeking additional benefits from her alleged onset date of February 18, 2008.

On August 1, 2014, the Appeals Council notified Plaintiff and her attorney that it planned to vacate the partially favorable decision and remand the case to an ALJ for a new decision. Although the Appeals Council gave Plaintiff and her attorney thirty days to respond to this notice, no response was made. Tr. 250. Therefore, in an order dated September 23, 2014, the Appeals Council vacated the benefits award and remanded the case to an ALJ, with specific instructions to further develop the record with additional evidence—including testimony from a medical expert about the nature and severity of a specific severe impairment found by the ALJ to result in Plaintiff's disability to work. The Appeals Council also directed the ALJ to specifically address and determine the onset of disability date. Tr. 250-52.

Accordingly, the ALJ conducted another evidentiary hearing on January 15, 2016, ordered a consultative examination, and scheduled a supplemental hearing which was held on October 21, 2016. There, a medical expert, an impartial vocational expert, and Plaintiff all testified. Plaintiff submitted additional evidence which required a second supplemental hearing held on April 21, 2017. The ALJ issued an unfavorable decision on May 12, 2017, finding Plaintiff not disabled to work. Tr. 10-40. Plaintiff timely requested review by the Appeals Council, but her request was denied. Tr. 7-9, 1-6. Having exhausted the administrative remedies available to her under the Social Security Act, Plaintiff seeks judicial review of the Commissioner's final decision denying her applications for benefits. This case is ripe for review. 42 U.S.C. 405(g), 1383(c)(3).

**STATEMENT OF FACTS AND EVIDENCE**

On the date Plaintiff alleges she became disabled, she was thirty-nine years old and classified as a "younger individual" under the Commissioner's regulations. 20 C.F.R. §§ 404.1563, 416.963; Finding 7, Tr. 29. She has a high school education and past relevant work as a sales clerk, secretary, collection clerk, receptionist, and teller. Findings 6, 8, Tr. 29. In conducting the five-step sequential evaluation of Plaintiff's claims, the ALJ found, at step one, that Plaintiff was insured through December 31, 2015, for purposes of her Title II claim and that, despite working for years after her alleged onset of disability date, she had not been engaged in "substantial gainful activity" as the Commissioner defines it. 20 C.F.R. §§ 404.1571 *et seq.,* 416.971 *et seq.*; Findings 1, 2, Tr. 17. At step two, the ALJ determined that Plaintiff has severe impairments of overactive bladder, cystitis of the ovaries, degenerative disc disease, anxiety, and major depressive disorder. 20 C.F.R.

5

§§404.1520(c), 416.920(c); Finding 3, Tr. 18. Next, at step three, he found that these impairments, considered both alone and in combination with one another, neither meet nor medically equal a listed impairment set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding 4, Tr. 18-20. Between steps three and four, the ALJ formulated a residual functional capacity assessment ("RFC") that permits Plaintiff to engage in a restricted range of light work, with exertional and non-exertional limitations. Finding 5, Tr. 20-29. At step four, he found that this restricted RFC prevents Plaintiff from resuming any of her past relevant work. Finding 6, Tr. 29. Relying on the testimony of the vocational expert, the ALJ established, at step five, that Plaintiff can work as a mail clerk, marker, or garment sorter, and that these jobs are available to her in the national economy. Finding 10, Tr. 30. Therefore, he found Plaintiff not disabled to work. Finding 11, Tr. 31.

## DISCUSSION

Plaintiff makes two contentions of error.[3] First, she asserts that the ALJ failed to properly evaluate her subjective complaints of symptoms caused by her impairments. Pl.'s Br. 1, 22-29. In assessing Plaintiff's RFC at step three, the ALJ stated that he had considered all symptoms and the extent to which they could be reasonably accepted as consistent with the objective medical evidence and other evidence of record. Tr. 21. He properly explained the process by which a claimant's subjective complaints must be evaluated and addressed the symptoms associated with each impairment he found to exist at step two. *Id.* The ALJ specifically found that Plaintiff's medically determinable

---

[3] The Court understands Counsel's desire to comprehensively argue her client's case, but finds her brief excessively long with unnecessary, and unhelpful, recitations of the record which are not directly related to a contention of error.

impairments could reasonably be expected to cause the symptoms she complained of, but also found that her statements concerning the intensity, persistence, and limiting effects of her symptoms were not consistent with the medical evidence and other evidence of record. Tr. 23. He noted that her complaints of frequent and painful urination were considered unsupported by the records of her care by a consulting board-certified urologist who reviewed those records. Tr. 22. He further noted that her care had been conservative, she worked during the time she contends she has been disabled, and her statements to her physicians about her symptoms have been inconsistent. Medication controlled her symptoms related to this impairment at least until October of 2016. Tr. 24-25. At the October 21, 2016, hearing Plaintiff expressed surprise that so much attention was being paid to her physical impairments when she thought that her mental impairments were what kept her from working. Tr. 81. The ALJ had good cause to discount Plaintiff's complaints of disabling symptoms associated with her physical impairments and committed no error in considering those complaints.

However, Plaintiff also has the severe impairments of anxiety and major depressive disorder and argues that the ALJ erred in discounting the opinions of her treating psychologist. The ALJ noted that the record shows Plaintiff began mental health treatment in May 2010, but made only a few visits annually and would not participate in therapy sessions recommended by her care providers. Tr. 26. She sought treatment only for medication management until September 2016, when she began therapy with a mental health provider which included weekly counseling sessions. Tr. 26-27. As part of these sessions, the psychologist treating Plaintiff completed a mental residual functional capacity

7

questionnaire on October 19, 2016, which found Plaintiff unable to meet competitive standards in punctuality and regular attendance, completing a normal workday and work week, maintaining pace, and responding to workplace changes and normal work stress. Tr. 1750-51. The ALJ characterized these symptoms as merely "situational" and related to the homicide of her sister. Tr. 26-27. He further characterized Plaintiff as a "highly functioning individual" and assigned only "little weight" to the psychologist's findings in the mental RFC questionnaire. Tr. 26, 29. In doing so, the ALJ substituted his own opinion for that of a medical source. This is prohibited.

An ALJ cannot be both the finder of fact and physician or psychologist. In assessing Plaintiff's depression as "situational," the ALJ did exactly that. He may not rely on his own belief or intuition and substitute his opinion for that of a medical professional. *Marbury v. Sullivan,* 957 F.2d 837, 840-841 (11th Cir. 1992). Whether Plaintiff's severe impairment of major depressive disorder is situational, or is a result of her sister's death, is a question for a medical source to answer. In his earlier partially favorable decision awarding Plaintiff benefits, the ALJ found major depressive disorder to be a severe impairment. This decision is dated May 1, 2013. Tr. 227. The homicide of her sister by her nephew occurred in August 2015, a full two years later. Plaintiff had to testify at the trial in April of 2016. Tr. 76. This indicates that her depression is more than situational and not solely related to the death of her sister—though that is a question not for the Court, but for the Commissioner to decide. The Commissioner may do so here with a consultative psychological examination or re-contacting the medical source.

## CONCLUSION

For the reasons explained above, this case is remanded for further administrative proceedings consistent with this opinion.

SO ORDERED, this 5th day of December, 2018.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE